**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50187 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00802-PA |
| v. | |
| MARCUS EARL WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Marcus Earl Williams appeals from the district court's judgment and challenges the 12-month custodial sentence and three-year term of supervision imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Williams contends that the district court erred by (i) failing to explain adequately the sentence imposed, (ii) failing to consider and address his mitigating arguments, and (iii) relying on clearly erroneous facts. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately considered Williams's mitigating arguments, sufficiently explained the sentence, and did not rely on any clearly erroneous facts. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Williams also contends that his sentence is substantively unreasonable in light of the mitigating circumstances surrounding his violation and his alleged over-incarceration for the underlying offense. The district court did not abuse its discretion in imposing Williams's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Williams's criminal history and repeated breaches of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

**AFFIRMED.**

15-50187